HERBERT WALKER and ELMER L. WALKER, complainants-respondents,

*v.*

WALKER REALTY COMPANY, ELIZABETH WALKER, C. HERBERT WALKER and H. VIVIAN WALKER, defendants-appellants.

---

ELMER L. WALKER, complainant-respondent,

*v.*

ARLINGTON REALTY COMPANY, H. VIVIAN WALKER and C. HERBERT WALKER, defendants-appellants.

[Submitted May term, 1928.  Decided October 15th, 1928.]

Where the president and secretary of a corporation had mismanaged its affairs and misappropriated its funds, it was the duty of the

court to protect the interests of the complainant stockholders from the unfaithful managers of their property and to place the custody and control in the hands of an agency of the court itself. The court properly appointed a receiver and made orders restraining the defendants from in any way interfering with the management of the corporation.

On appeal from the court of chancery.

*Mr. C. Herbert Walker* and *Mr. Michael J. Tansey,* for the appellants.

*Mr. Merritt Lane,* for the respondents.

The opinion of the court was delivered by

LLOYD, J.

A receiver in the person of Charles R. Hardin was appointed to take control of the property of the defendant corporations in these cases and in the orders appointing a receiver the individual defendants were restrained from acting as officers of either company or in anywise participating in the management of the corporate affairs. The parties to the litigation are father and son, Herbert Walker and Elmer Walker, as complainants in the *Walker Case,* with the Walker company, Herbert Walker's wife Elizabeth, his son, C. Herbert Walker, and his daughter, Vivian Walker, as defendants; in the *Arlington Realty Company Case,* Elmer Walker, as complainant, and the Arlington Realty Company, H. Vivian Walker and C. Herbert Walker as defendants.

The bills are filed by the complainants as stockholders in the respective companies. The bill in the *Walker Realty Company Case* avers the contribution of the property of the complainants in the corporation, avers mismanagement and misappropriation of the funds of the corporation by C. Herbert Walker, who acted as president, and H. Vivian Walker, who acted as secretary, and thereupon asks for the appointment of a receiver and an order restraining the defendants from interfering in the management of the affairs of the

company.    The bill in the *Arlington Realty Company Case* is of similar import, and avers that C. Herbert Walker, acting as president, and his sister, H. Vivian Walker, acting as treasurer, together misappropriated the funds and improperly disposed of the property of that company.    The bill in the *Walker Realty Company Case* was filed October 28th, 1925, and the bill in the *Arlington Realty Company Case* was filed one year later.

On the filing of the second bill an order was granted against the defendants restraining the individual defendants in each case from disposing of, encumbering, or dealing with the property of the respective companies.    After various continuances in both cases, the *Walker Realty Company Case* came on for hearing before the vice-chancellor.    Testimony was taken, and this resulted on January 18th, 1928, in the order appointing a receiver and restraining the defendants from in anywise interfering with the management of the corporations. While no testimony was taken in the *Arlington Realty Company Case,* it appears that the testimony taken in the *Walker Case* was by stipulation made available in the former and on the same day a like order was made respecting the defendants in the *Arlington Realty Company Case.*    From these orders the respective appeals are taken.

Certain technical objections are raised by the respondents to the consideration of the appeals, but, inasmuch as we reach the conclusion that the orders were properly made, these objections become unimportant.

Respecting the merits, it quite clearly appears from the proofs in the two cases that the properties have been wholly mismanaged and their funds misappropriated by the defendant C. Herbert Walker and his sister, H. Vivian Walker, and that this conduct continued even after the restraining order of October, 1926.    They were using the funds of the respective corporations more or less interchangeably and appropriating other portions to their own use in disregard of their duty as trustees for the co-owners of the corporate property.

In this situation it was the duty of the court to protect the interests of the complainants from the unfaithful managers

of their property and to place the custody and control in the hands of an agency of the court itself. In the case of *Fitzgerald* v. *State Mutual Building and Loan Asso., 74 N. J. Eq. 440,* it was said by this court that "the judicial policy of this state is diametrically opposed to the continuance in control, directly or indirectly, of directors or officers against whom is made out a *prima facie* case of wrong-doing in office, and who appear to have used their official positions, as representatives of the shareholders, to their own financial advantage and to the resulting injury of the company and its shareholders." This policy was again declared in this court in the recent case of *Shuster* v. *Ventnor Gardens, Inc., 103 N. J. Eq. 93,* where the foregoing language was quoted by the chief-justice and applied to conduct analogous to that here presented. As was said in the last-named case, it would be difficult to find language defining the law more accurately as applied to the facts in the cases now before us than that already quoted, and the orders are therefore affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.